IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM HAROLD SHY, JR., )<br>Register No. 506582, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MS. PRATTE, et al., )<br>)<br>Defendants. ) | | No. 05-4315-CV-C-SOW |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff William Harold Shy, Jr.[1], an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seek monetary and injunctive relief, pursuant to the Americans with Disabilities Act (ADA) and RA. Named defendants are Ms. Pratte, Missouri Board of Probation and Parole, Missouri Department of Corrections (MDOC), R. Ramsey, Ed Moldhullan, MDOC Directors Kempker and Crawford, Tripp, Denis Agniel, Powell, J. Ellis, Darrel Ashlock, Ansel Card, Wayne Crump, Robert Robinson, Fannie Gaw, Donna White, and John/Jane Does #1-8.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious,

---

[1]Plaintiff's complaint seeks to add as plaintiffs Joyce L. Shy, Janet R. Shy, Pamela G. Shy and Michelle Craig. The court notes that such parties have signed the complaint, but failed to submit affidavits in support of proceeding in forma pauperis.

or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's complaint alleges that he is not filing a claim under 42 U.S.C. § 1983, but rather, is filing a claim under the ADA and RA. Plaintiff alleges he was denied his conditional release date, in violation of the ADA and RA. Plaintiff alleges that defendants are denying his parole based upon an erroneous belief that he is using drugs. Plaintiff alleges defendants have stipulated that he complete a drug treatment program to be eligible for conditional release/parole, and are denying him such parole because he signed himself out of the drug treatment program.

Title II of the ADA prohibiting discrimination against qualified individuals with a disability, on account of the disability, applies to inmates in state prison. *United States v. Georgia*, ___ S. Ct. ___, 2006 WL 43973 (U.S.); *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). Plaintiff's claim that the parole board's stipulation that he complete a drug treatment program, when he has not tested positive for drugs while incarcerated, violates the ADA and RA, however, is without merit. Plaintiff has failed to identify that he has any disability. Being erroneously regarded as using drugs is not a disability under the ADA or RA, and thus, is not actionable under those statutes. Plaintiff's claim is nothing more than an attempt to challenge the conditions set by the parole board. The condition that plaintiff complete a drug treatment program does not infringe upon rights protected by the ADA and RA statutes, such as race or disability. Thus, although plaintiff alleges his claims arise under the ADA and RA, his claims clearly are a challenge to his denial of conditional release/parole. A prisoner's label on his claims filed with the court cannot be controlling; rather, it is the substance of the relief sought which counts. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973)).

Plaintiff has no liberty interest in his conditional release/parole and, therefore, has no due process rights as to any stipulations placed by the parole board. *See Dace v. Mickelson*,

2

816 F.2d 1277, 1280-81 (8th Cir. 1987); *Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create liberty interest in conditional release). Thus, to the extent plaintiff challenges his denial of parole, or the conditions imposed, such allegation fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

To the extent plaintiff seeks a speedier release from confinement, such claims should be brought via a separate cause of action for writ of habeas corpus. If plaintiff is able to invalidate his conviction or sentence, he may refile his habeas claims under section 1983 at that time.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims, including those he attempts to assert on behalf of his family, be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 30th day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4